IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JALIL A. BRADY, | § | |
| | § | No. 397, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1508009384 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: December 19, 2016
Decided: January 3, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## **O R D E R**

This 3rd day of January 2017, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)   In July 2016, the defendant-appellant, Jalil Brady, was found guilty of Conspiracy in the Second Degree and Resisting Arrest following a Superior Court bench trial. The Superior Court immediately sentenced Brady to a total period of three years at Level V incarceration, to be suspended immediately for one year of probation. This is Brady's direct appeal.

(2)   Brady's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Brady's counsel asserts that, based upon a

complete and careful examination of the record, there are no arguably appealable issues. By letter, Brady's attorney informed him of the provisions of Rule 26(c) and provided Brady with a copy of the motion to withdraw and the accompanying brief. Brady also was informed of his right to supplement his attorney's presentation. Brady has not raised any issues for this Court's consideration. The State has responded to the position taken by Brady's counsel and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[*]

(4) This Court has reviewed the record carefully and has concluded that Brady's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Brady's counsel has made a

_____

[*] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

2

conscientious effort to examine the record and the law and has properly determined that Brady could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice